IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**FREDDY CRESPO, #80320-004**                                                              **PETITIONER**

**v.**                                                           **CIVIL NO. 3:14-cv-740-WHB-JCG**

**B. MOSELY, Warden,**
**FCI Yazoo City, Mississippi**                                                              **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Application of Freddy Crespo ["Petitioner"] for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241, filed September 22, 2014. B. Mosely, the Warden of Petitioner's current place of incarceration ["Respondent"], filed a Response [11] to the Petition, and Petitioner filed a Traverse [14]. Having considered the submissions, records on file, the arguments of the parties, and relevant legal authority, the undersigned United States Magistrate Judge recommends that Petitioner's request for relief pursuant to 28 U.S.C. § 2241 be denied and the Petition dismissed.

## Background

Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi. A jury in the Southern District of Florida found him and his codefendants guilty of having planned to obtain cocaine through armed robbery.[1] They were thwarted in

---

[1] Crespo was convicted of: (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) attempt to possess with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (3) conspiracy to commit robbery by the use of force, 18 U.S.C. § 1951(a) (Hobbs Act robbery); (4) attempt to commit robbery by the use of force, 18 U.S.C. §§ 1951(a) and 2 (Hobbs

their attempt because a government agent was involved in the planning. All participants were arrested just as they were putting their plan into action.

Petitioner's convictions and sentence were upheld on appeal. *United States v. Garcia-Barzaga*, 361 F. App'x 109 (11th Cir. 2010). His subsequently filed motion to vacate pursuant to 28 U.S.C. § 2255 was denied. (Respondent's Response Ex. A, B, ECF Nos. 11-1, 11-2). He now files this Petition pursuant to 28 U.S.C. § 2241, asserting that the United States Supreme Court decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014), overturns existing precedent, applies retroactively, and enables him to raise his actual innocence claim.

In *Rosemond*, the Supreme Court held that to aid and abet a section 924(c) offense, a defendant must have "advance knowledge" that a firearm will be used or carried during a drug trafficking or violent crime. *Id* at 1248-49. Petitioner contends that he did not have advance knowledge that his codefendants would carry a gun, and his mere presence and involvement in the robbery was not sufficient for an aiding and abetting conviction. He also contends that because the robbery did not actually occur, there was no underlying offense on which to base an aiding and abetting charge.

---

Act robbery); (5) conspiracy to use and carry a firearm during and in relation to a crime of violence and a drug trafficking crime, 18 U.S.C. §§ 924(c)(1)(A) and 924(o); and (6) using and carrying a firearm during and in relation to a crime of violence and a drug trafficking crime, 18 U.S.C. §§ 924(c)(1)(A) and 2. *See Garcia-Barzaga*, 361 F. App'x at 110.

## Analysis

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which is the primary means of collaterally attacking a federal conviction and sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A prisoner may use § 2241 as the vehicle for attacking the conviction only if it appears that the remedy by § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Petitioner bears the burden of proving the inadequacy or ineffectiveness of a motion under § 2255. *Jeffers*, 253 F.3d at 830. A prior unsuccessful § 2255 motion, or the inability to meet the statutory requirements for filing a § 2255 motion, does not make § 2255 inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

It is a "threshold jurisdictional issue [ ] whether the savings clause in 28 U.S.C. § 2255(e) may open the portal to [petitioner's] 28 U.S.C. § 2241 petition." *Bruce v. Warden*, No. 15-12932, 2016 WL 4151194, at *3 (11th Cir. Aug. 5, 2016). In *Reyes-Requena v. United States*, the Fifth Circuit held that the savings clause of § 2255 applies to a claim that: (i) is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

To meet the first, or actual innocence, prong of this test, petitioner must prove that, based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. *Jeffers*, 253 F.3d at 830-31. The Fifth Circuit has not decided whether *Rosemond* announces a retroactively applicable rule, focusing instead on the issue of whether the petitioner had been convicted of a nonexistent offense. *Miller v. Fisher*, No. 15-60181, 2016 WL 4136934, at *3 (5th Cir. 2016) ("As has previously been the case, here we need not discuss any issues of retroactivity or unavailability because [petitioner] has failed to show that he was convicted of a nonexistent offense.").

Petitioner's showing in this case fails because he does not show he was convicted of a nonexistent offense. As the Fifth Circuit explained,

> In *Rosemond,* the Supreme Court held that an accomplice defendant "has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun." 134 S. Ct. at 1249. This requires the Government to prove that the accomplice had "advance knowledge" of a firearm, *i.e.*, knowledge at a time when the accomplice could reasonably elect to opt out or walk away. *See id.* at 1249-50.

*Miller*, 2016 WL 4136934, at *3. There was ample evidence in this case that Petitioner had advance knowledge that a firearm would be used to commit the robbery. On Petitioner's direct appeal, the Eleventh Circuit held:

> Due to Crespo's participation in the March 3 meeting, at which the parties repeatedly discussed the use of guns during the robbery, the jury could have found that Crespo was aware that he was participating in an offense that involved the use of a gun. Moreover, Crespo participated in planning the armed robbery and informed Gallego of the

> details of the planned robbery. Gallego left the Cookie Dollar Store with the guns only after receiving a telephone call from Crespo. Thus, the jury reasonably could have inferred that Crespo was linked to the guns in this case because he helped plan the armed robbery.

*Garcia-Barzaga*, 361 F. App'x at 118-19. Clearly, Petitioner had advance knowledge of a firearm because he planned the use of firearms during the robbery.

Petitioner also contends that he was convicted of a nonexistent crime because the planned robbery did not occur. He reasons that as a consequence, an element the *Rosemond* court found to be essential was lacking. The *Rosemond* court held that "the commission of a drug trafficking (or violent) crime is – no less than the use of a firearm – an 'essential conduct element of the § 924(c) offense.'" *Rosemond*, 134 S. Ct. at 1247 (quoting *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999)). This is not a new rule of law, which is apparent because the *Rosemond* court drew its quote from a 1999 case.

Furthermore, Petitioner disregards that he was convicted of two conspiracies and two attempts to commit crimes, both of which are crimes in their own right. (*See supra* fn 1). It is irrelevant that the participants did not achieve the object of their planning. Petitioner was convicted of "drug trafficking crimes" and "crimes of violence," as those terms are defined in the statute. 18 U.S.C. §§ 924(c)(2), (c)(3). For these reasons, Petitioner does not establish the first prong of the *Reyes-Requena* test.

Petitioner also fails to establish the second prong of the *Reyes-Requena* test

because he could have raised the claim of his advance knowledge of a firearm at trial, on appeal, or in his § 2255 motion. As is apparent from the excerpt of the Eleventh Circuit's opinion above, one of the issues on appeal was Petitioner's foreknowledge that a gun would be used. Consideration of the issue was not foreclosed by Eleventh Circuit precedent.

## Conclusion

Because Petitioner does not meet the requirements of the savings clause, he cannot proceed under § 2241, and his Petition should be DENIED and DISMISSED. Additionally, since this Court was not the sentencing court, it does not have jurisdiction to treat the Petition as a § 2255 motion. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987). Thus, to the extent that the Petition could be construed as a § 2255 motion, it should be DISMISSED FOR LACK OF JURISDICTION.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file with the Clerk any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider

frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    **SIGNED**, this the 17th day of August, 2016.

                            *s/ John C. Gargiulo*
                            JOHN C. GARGIULO
                            UNITED STATES MAGISTRATE JUDGE