IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FREDDY CRESPO, #80320-004                                    PETITIONER

VS.                              CIVIL ACTION NO. 3:14-cv-740-WHB-JCG

B. MOSELY, Warden, FCI Yazoo City, Miss.                   RESPONDENT

<u>OPINION AND ORDER</u>

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge John C. Gargiulo. After considering the R and R[1], the other pleadings in this case, as well as relevant authorities, the Court finds the R & R should be adopted in its entirety.

## I. Discussion

In 2008, Freddy Crespo ("Crespo") was sentenced to a 420-month term of imprisonment following his conviction on multiple federal charges including conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and conspiracy to commit robbery by the use of force in violation of 18 U.S.C. § 1951(a).[2] Crespo's conviction and sentence were affirmed on

---

[1] The parties were required to file objections to the R and R on or before September 6, 2016. No objections were filed.

[2] Crespo was sentenced in the United States District Court for the Southern District of Florida, and is currently serving his federal sentence at the Federal Correctional Complex in Yazoo City, Mississippi.

appeal.   See United States v. Garcia-Barzaga, 361 F. App'x 109
(11th Cir. 2010).  Crespo's subsequent motion for collateral relief
under 28 U.S.C. § 2255 was denied by the sentencing court in 2011.

In 2014, Crespo filed a Petition for a Writ of Habeas Corpus
Under 28 U.S.C. § 2241 ("Petition") in this Court seeking relief
under the "savings clause" provision of 28 U.S.C. § 2255(e).
Specifically, Crespo argues that based on the decision of the
United States Supreme Court in Rosemond v. United States, --- U.S.
---, 134 S.Ct. 1240 (2014), he should not have been convicted of
any Section 924(c) firearm offenses because he did not have
advanced knowledge that his co-defendants would carry weapons and
the robbery never occurred.

Crespo's Petition came before United States Magistrate Judge
John C. Gargiulo who entered a R and R recommending that the
Petition be denied.  See R and R [Docket No. 17].  In his R & R,
Judge Gargiulo found that in order to challenge the validity of his
convictions under 28 U.S.C. § 2241, Crespo had to first satisfy the
requirements of the savings clause provision in 28 U.S.C. §
2255(e).  See id. at 3.  To satisfy the savings clause
requirements, Crespo is required to show that (1) his current claim
is based on a retroactively applicable United States Supreme Court
decision which establishes that he may have been convicted of a
nonexistent offense, and (2) that his current claim was foreclosed
by circuit law at the time when the claims should have been raised
in his trial, appeal, or first § 2255 motion.  Id. at 3 (citing

2

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)).
Considering the requirements, Judge Gargiulo found that Crespo had
not established the first necessary requirement for applying the
savings clause because he had not demonstrated that either the
Supreme Court or the United States Court of Appeals for the Fifth
Circuit had held that the decision in Rosemond was to be
retroactively applied. Id. at 4. See e.g. Watson v. Mosley, 2016
WL 1273280, at *1 (5th Cir. Mar. 31, 2016)(explaining that
"Rosemond involved a direct appeal, and the Supreme Court gave no
indication that its decision applied retroactively to cases on
collateral review.")). Next, Judge Gargiulo found that even if
Rosemond applied retroactively, Crespo would not be entitled to
relief under that decision because Crespo had failed to
demonstrate, among other issues, that he had been convicted of a
non-existent offense based on the facts in his underlying criminal
case. See R and R, at 4-5. As regards the second savings clause
requirement, Judge Gargiulo found that Crespo had failed to show
that his current claim was foreclosed by existing Eleventh Circuit
precedent at the time of his appeal. Id. at 6-7. Based on these
findings, Judge Gargiulo recommended that Crespo's Petition be
denied, and this case be dismissed. Id. at 6.

The Court has reviewed the R and R, to which no objections
were filed, as well as the Docket and other pleadings in this case.
After review, the Court agrees that Crespo's Petition should be
denied for the reasons stated by Judge Gargiulo, specifically that

Crespo has not satisfied the requirements necessary to obtain relief under the savings clause provision of 28 U.S.C. § 2255(e). Accordingly, the Court will adopt Judge Gargiulo's R and R recommending the denial of Crespo's Petition and the dismissal of this case.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the August 17, 2016, Report and Recommendation of United States Magistrate Judge John C. Gargiulo [Docket No. 17], is hereby adopted as the ruling of this Court.

A Final Judgment dismissing this case shall be entered this day.

SO ORDERED this the 4th day of October, 2016.

s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE